R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN - 2 2009

# ORIGINAL

Nos. 06-15371, 06-15436, 06-15455

FILED _____
DOCKETED _____
DATE          INITIAL

D.C. Nos. CV-05-01824, CV-05-01914, CV-05-1949, CV-05-01966-PGR

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

NAVAJO NATION *et al.*,

Petitioners/Appellants,

v.

U.S. FOREST SERVICE, *et al.*,

Respondents/Appellees,

and

ARIZONA SNOWBOWL RESORT LIMITED PARTNERSHIP,

Intervenor/Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
(Honorable Paul G. Rosenblatt)

## MOTION TO EXTEND STAY OF THE COURT'S MANDATE PENDING PETITION FOR WRIT OF CERTIORARI

Howard M. Shanker
Laura Berglan
The Shanker Law Firm, P.L.C.
700 E. Baseline Rd., Building B
Tempe, Arizona 85283
Telephone: (480) 838-9300

Louis Denetsosie
Attorney General, Navajo Nation
P.O. Box 2010
Window Rock, AZ 86515

*Attorneys for Petitioners Navajo Nation,
White Mountain Apache Tribe, Yavapai-
Apache Tribe, Havasupai Tribe, Rex
Tilousi, Dianna Uqualla, Sierra Club,
Center for Biological Diversity, and
Flagstaff Activist Network*

James E. Scarboro
Holly E. Sterrett
Arnold & Porter LLP
Suite 4500, 370 Seventeenth Street
Denver, CO 80202-1370
Telephone: (303) 863-1000

A. Scott Canty
Office of General Counsel
The Hopi Tribe
P.O. Box 123
Kykotsmovi, Arizona 86004

*Attorneys for Petitioners Hopi Tribe*

Terence M. Gurley
DNA - People's Legal Services, Inc.
P.O. Box 306
Window Rock, AZ  86515

Jack F. Trope
Association of American Indian Affairs
966 Hungerford Drive, Suite 12B
Rockville, Maryland 20850

*Attorneys for Petitioners Bill "Bucky" Preston, Norris Nez, and Hualapai Tribe*

Petitioners/Appellants ("Petitioners") Navajo Nation, *et al.* hereby move to extend the stay of the Court's mandate pending petition for certiorari pursuant to Rule 41(d)(2)(B), Fed. R. App. P. Pursuant to this Court's order dated October 3, 2008, the mandate of this Court would otherwise issue on or near January 2, 2009.

Counsel for Petitioners has contacted attorneys for the Respondents U.S. Forest Service and Arizona Snowbowl Resort to ascertain their position on this motion. The U.S. Forest Service has no position on this motion. Arizona Snowbowl Resort does not oppose this motion.

Fed. R. App. P. 41(d)(2)(B) allows for an extension of the 90 day period in two instances: (1) when the party who obtained the stay files a petition for the writ and notifies the circuit clerk; or (2) where good cause for an extension exists. In the instant case, the initial 90 day period runs on January 2, 2009. Petitioners' petition for a writ of certiorari is due on January 5, 2009, three days after the stay currently in place is scheduled to run. The timing of the requested extension, in and of itself, arguably constitutes good cause to grant the requested extension of the stay. As discussed below, however, additional grounds for the demonstration of "good cause" exist, including, but not limited to, the potential for irreparable harm if the stay extension is not granted.

In support of this Motion, Petitioners provide the following information:

2

1. The Ninth Circuit issued its decision in this case on August 8, 2008. On October 29, 2008, Justice Kennedy granted a 30-day extension in which to file any petition for certiorari. On November 20, 2008, Justice Kennedy granted a second 30-day extension in which to file any petition for certiorari, making any such petition currently due on January 5, 2009.

2. This Court's order granting the motion to stay provides that the mandate shall issue on or about January 2, 2008. This would allow the mandate to issue prior to the deadline of the filing of the petition for certiorari.

3. Petitioners sought their first extension with the Supreme Court primarily so that all of the Petitioner-tribes, which proceeded below in three separate briefing groups, could work together toward submitting a single petition for certiorari. Petitioners have agreed on a plan to do so and have obtained Supreme Court counsel to assist in this effort. That counsel is Jeffrey L. Fisher of the Stanford Law School Supreme Court Clinic.

4. The extensions to file the petition for certiorari were sought in order to allow new counsel adequate time to familiarize himself with this case.

5. Petitioners are now prepared to file the petition for certiorari by the January 5, 2009, deadline and do not anticipate seeking further extensions at this time from the Supreme Court.

6. This case is a serious candidate for certiorari review. The primary contention in the instant case is over the meaning of the term "substantial burden" as used in the statute. The Supreme Court has yet to determine exactly what constitutes a "substantial burden" on the exercise of religion under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb *et seq*. The *en banc* Panel held that "[u]nder RFRA, a 'substantial burden' is imposed only when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit ... or coerced to act contrary to their religious beliefs by the threat of criminal or civil sanctions." *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1069-70 (9th Cir. 2008) (*en banc*). The rule announced by the *en banc* Panel is at odds with, and narrower, than the definition of "substantial burden" in several other circuits. The petition for certiorari will ask the Supreme Court to resolve these substantial questions of law. The petition for certiorari raises substantial questions, is not frivolous, and the requested stay extension should be granted for good cause.

7. If an extension of the stay of the mandate is not granted, irreparable harm will result to Petitioners. If the contemplated expansion, clearing, and grading of the area is allowed while the petition for certiorari is under consideration, irreparable harm will result – not only in environmental terms, but from the violation of Petitioners' free exercise of religion. It is well established that "the

loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *see also, e.g., Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) quoting, *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("[A]lthough the plaintiffs' free exercise claim is statutory rather than constitutional, the denial of the plaintiff's right to the free exercise of his religious beliefs is a harm that cannot be adequately compensated monetarily.").

The expansion of the ski resort has not yet begun and none of the current activities occurring on the mountain will be impacted by a stay. A stay pending application for a writ of certiorari, will not create an undue hardship.

8. Pursuant to Fed. R. App. P. 41(d)(2)(B), Petitioners will notify the clerk of this Court, in writing, once the petition for certiorari is filed.

For the foregoing reasons, good cause exists for extending the stay of the mandate pursuant to Fed. R. App. P. 41(d)(2)(B). Petitioners request that this Court extend the stay of mandate for 3 days in order to submit their petition for certiorari to the Supreme Court.

Dated December 31, 2008.

Respectfully Submitted,

THE SHANKER LAW FIRM, P.L.C.

Howard M. Shanker
Laura Berglan
700 East Baseline Road, Building B
Tempe, Arizona  85283
Tel: (480) 838-9300

Louis Denetsosie
Attorney General
Navajo Nation Dept. of Justice
P.O. Box 2010
Window Rock, AZ  86515

*Attorneys for Petitioners-Appellants
Navajo Nation, White Mountain Apache,
Yavapai Apache, Havasupai Tribe, Center
for Biological Diversity, Sierra Club and
Flagstaff Activist Network*

James E. Scarboro
Holly E. Sterrett
Arnold & Porter LLP
Suite 4500, 370 Seventeenth Street
Denver, CO 80202-1370
Telephone:  (303) 863-1000

A. Scott Canty
Office of General Counsel
The Hopi Tribe
P.O. Box 123
Kykotsmovi, Arizona 86004

*Attorneys for Petitioners-Appellants Hopi
Tribe*

Terence M. Gurley
DNA – People's Legal Services, Inc.
P.O. Box 306
Window Rock, AZ  86515

Jack F. Trope

6

Association of American Indian
Affairs
966 Hungerford Drive, Suite 12B
Rockville, Maryland 20850

*Attorneys for Attorneys for Petitioners Bill
"Bucky" Preston, Norris Nez, and Hualapai
Tribe*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to

Extend the Stay of the Court's Mandate Pending Petition for Writ of Certiorari,

was served via U.S. Mail on December 31, 2008, addressed to the following:

Lane M. McFadden
Environmental & Natural Resources Division
U.S. Department Of Justice
P.O. Box 23795, L'Enfant Station
Washington, D.C. 20026
Telephone: (202) 353-9022
Facsimile: (202) 353-1873
lane.mcfadden@usdoj.gov

*Attorneys for Federal Respondents*

Paul G. Johnson
Jennings Strouss & Salmon, P.C.
The Collier Center, 11th Floor
201 E. Washington Street
Phoenix, AZ 85004-2385

Andrew L. Spielman
Catherine E. Stetson
Hogan & Hartson LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202

*Attorneys for Intervenor-Appellee*

and was sent by Federal Express mail (overnight delivery) to the following:

Office of the Clerk
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Laura Berglan